JAMES C. FRANCIS, Jr., assignee, plaintiff in error, *vs.* MAR-
TIN HERZ & COMPANY, defendants in error.

An assignment by an insolvent debtor for the benefit of such creditors as
shall accept the same and release the debtor from all further liability, is
void as to a creditor who fails to accept.

Assignment. Debtor and creditor. Before Judge GOULD.
City Court of Augusta. February Term, 1875.

Reported in the decision.

BARNES & CUMMING, by W. W. MONTGOMERY, for plain-
tiff in error.

HARPER &.BROTHER, for defendants.

WARNER, Chief Justice.

This was a claim case. The plaintiffs in execution levied
their *fi. fa.* on a stock of goods as the property of the de-
fendants therein, which were claimed by Francis, assignee,
under a deed of assignment dated 30th of April, 1874. The
judgment on which the plaintiff's execution issued was dated
29th of May, 1874. The question as to the validity of the
assignment was submitted to the judgment of the court on
the statement of facts contained in the record. The court de-
cided that the deed of assignment was void as to all of the
creditors who had not accepted it. To this decision of the
court the claimant excepted.

The deed of assignment under which the claimant claimed
the property is in the following words, to-wit:

"STATE OF GEORGIA—RICHMOND COUNTY.

"This indenture, made and entered into this the 30th day
of April, A. D., 1874, between William McCabe and John
S. Costello, doing business in the city of Augusta, state of
Georgia, under the firm name of McCabe & Costello, of the
first part, and James C. Francis, Jr., of the city of Augusta,
state of. Georgia, of the second part, witnesseth that whereas,

said parties of the first part owe divers debts which they are unable to pay in full, and are desirous to provide for the payment of the same, by assignment of all firm property for that purpose.

"Now, therefore, know all men by these presents, that the said parties of the first part, in consideration of the premises and of the sum of $1 00 in hand well and truly paid by said party of the second part, at and before the signing and delivery of these presents, the receipt whereof is hereby acknowledged, have granted, bargained, sold, assigned, transferred and set over, and by these presents do grant, bargain, sell, assign, transfer and set over unto the said party of the second part, his heirs, executors, administrators and assigns, all the goods, chattels, stocks, promissory notes, debts, *choses* in action, evidences of debts, claims, demands, property and effects of every description, now owned by said parties of the first part, as firm property, and especially all that stock of dry goods now in store number two hundred and twenty-eight, Broad street, Augusta, Georgia, together with the notes, accounts and books appertaining to the business of said parties of the first part, as merchants.   To have and hold the same and every part thereof, in trust, for the uses and purposes following:

"1st. To take possession of the said property, and to sell and dispose of the same with reasonable diligence, either at public or private sale, for cash or credit, and to convert the same into money; and also, to collect all such debts and demands hereby assigned as may be collectable, and with the rest of the proceeds of such sales and collections;

"2d. To pay and discharge all just and reasonable expenses, costs and charges of executing this assignment, of carrying into effect the trust hereby created, including lawful commissions of said party of the second part for his services in executing the said trusts.

"3d. To pay and discharge in full, if the residue of said proceeds is sufficient for that purpose, all the debts or liabilities now due or to become due from said parties of the first

part, to the creditors enumerated in the annexed schedule, marked Exhibit 'A,' who shall, within one month from the date of this assignment, signify their acceptance of the same, and release said parties of the first part from further liability on account of said debts. And to such other creditors, if any, who shall, within one month from such date, present their claims duly proven to said party of the first part, and shall also sign a release as aforesaid, and if the residue of said proceeds shall not be sufficient to pay the said debts and liabilities in full, then to apply the same so far as they will extend, to the payment of said debts and liabilities proportionately to their respective amounts.

"And if, after payment of all costs, charges and expenses attending the execution of said trusts, and the payment in full of all lawful debts owing by said parties of the first part, as copartners, there shall remain any surplus of said proceeds in the hands of said party of the second part, then—

"4th. To apply such surplus toward the payment of the individual debts and liabilities of said parties of the first part, the share belonging to each of the respective parties to be applied to the payment of the debts of such party, and not to the debts of the other, without preference to the individual creditors.

"And for the better securing the execution of the trusts hereby created and reposed, the said parties of the first part do hereby constitute and appoint said party of the second part their true and lawful attorney, irrevocable, with full power and authority to do and perform all acts, deeds, matters and things which may be necessary in the premises, and to the full execution of said trusts, and to demand, recover and receive of and from all and every person all the property, debts and demands belonging or owing to said parties of the first part, as copartners; and to give acquittances and discharges for the same, and to sue, prosecute and defend, and implead for the same, and for the purposes aforesaid, or for any of them; to construct and appoint one or more attorneys under him, and at his pleasure to revoke the same, hereby

ratifying whatever the said party of the second part, or his substitute or attorney, shall lawfully do.

"The said party of the second part hereby accepts the trust created and in him reposed by these presents, being responsible only for actual receipts or willful defaults.

"In witness whereof, said parties of the first and second parts have hereunto set their hands and affixed their seals, the day and year above written."

The plaintiffs, as the creditors of the defendants in *fi. fa.*, did not accept the terms of the assignment. The assignment in this case comes within the ruling of this court in *Mc-Bryde vs. Bohannon, 50th Georgia Reports,* 527, and is controlled by it.

Let the judgment of the court below be affirmed.